UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CV-105-F

| WILLIAM WHITE, Administrator of the Estate of WAYNE LADELL WHITE, Deceased, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) | |
| JULIUS BONNER, JR. and BUDDY MOORE TRUCKING INC., | ) ) ) | |
| Defendants. | ) | |

This matter came on for hearing before the undersigned on November 4, 2010, on the parties' Joint Motion to Seal [DE-7] and Joint Motion for Order of Approval of Confidential Wrongful Death Settlement [DE-8]. Plaintiff William White, Administrator of the Estate of Wayne Ladell White, was present, along with counsel Marie D. Lang. Counsel for Defendants, Dexter Campbell, III, also was present at the hearing. This order memorializes the rulings made at the hearing.

## I. Joint Motion to Seal

The parties seek to seal the "Confidential Full and Final Release" [DE-6] filed in support of their Joint Motion for Order of Approval of Confidential Wrongful Death Settlement.

Any motion to seal must be analyzed in accordance with the procedure set forth by the Fourth Circuit Court of Appeals in *Stone v. University of Maryland*, 855 F.2d 178 (4th Cir. 1988) and *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984). In sum, before a document is sealed, a court must identify whether the common law right of access or First Amendment right of access attaches to the particular court document or proceeding that the parties seek to seal.

> The common law presumes a right to inspect and copy judicial records and documents. The common law presumption of access may be overcome if competing interests outweigh the interest in access.... Where the First Amendment guarantees access, on the other hand, access may be denied only on the basis of a compelling government interest, and only if the denial is narrowly tailored to serve that interest.

*Stone*, 855 F.2d. at 180 (citations omitted).

A district court also has to give the public notice of a request to seal and a reasonable opportunity to challenge the request. *In re Knight Publishing*, 743 F.2d at 235. The notice can constitute the docketing of the motion reasonably in advance of deciding the issue. *Id.* The court must consider less drastic alternatives to sealing, and if it decides to seal the documents, must state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review. *See id.*

Here, the Joint Motion to Seal has been docketed since October 18, 2010, and no one has come forward to object to the sealing. Nevertheless, even though all the parties support the motion to seal, and no one has objected thereto, this court has an independent obligation to determine whether sealing is proper. *See K.S. v. Ambassador Programs, Inc.*, No. 1:10CV439, 2010 WL 3565481, at *2 (E.D. Va. Sept. 3, 2010). Accordingly, in this case the court determines that the common law presumption of access applies to the Confidential Full and Final Release. *See, e.g., Poulin v. Gen. Dynamics Shared Resources, Inc.*, No. 3:09-CV-00058, 2010 WL 1257751, at *2 (W.D.Va. March 26, 2010)("The public has a well-recognized common law right of access to settlement agreements which are filed and submitted to the Court for its approval.")(citing *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993); *Bank of Am. Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986); *Boone v. City of Suffolk*, 79 F.Supp.2d 603, 609 (E.D. Va. 1999)). The court also determines that the parties have failed to proffer any

reasons for sealing that outweigh the presumption of access.

Essentially, Defendants argued that sealing is appropriate because the Release contains confidentiality provisions. That reason, standing alone, routinely has been rejected by courts within the Fourth Circuit as a basis for sealing. *See, e.g., Calderon v. SG of Raleigh*, No. 5:09-CV-00218-BR, 2010 WL 1994854, at *2 (E.D.N.C. May 18, 2010)("The only reason the parties advance for maintaining the settlement agreement under seal is '[p]ublic filing of the Settlement Agreement will frustrate the purpose of the confidentiality of the agreement and make any confidentiality provision therein worthless . . . .' . . . . The court finds that the parties' interest in confidentiality, while valid, does not outweigh the public's interest in access, specifically, the interest in knowing the contents of materials upon which a court makes a decision, including a determination of whether to approve a settlement . . . ."). With no other proffered reason for sealing the Release, the parties' Joint Motion to Seal is DENIED.

As revealed at the hearing of this matter, however, the Release does repeatedly refer to a minor, D.G., using his full name. Under Federal Rule of Civil Procedure 5.2, a filing that contains the name of an individual known to be a minor may include only the minor's initials. Consequently, the parties are ORDERED to file, within fourteen (14) days of the filing date of this order, a redacted version of the Release that only refers to the minor by his initials. *See* Fed R.Civ.P. 5.2(d). The original Release will remain under SEAL in accordance with Rule 5.2.

**II. Joint Motion for Order of Approval of Confidential Wrongful Death Settlement**

The parties also move the court for Approval of the Confidential Wrongful Death Settlement. In support of the motion, the parties proffered the copy of the Release, and the unsworn representation that the Administrator of the Estate believed the settlement is "in the best interest of

those persons entitled to receive such damages and in the best interest of the Estate of Wayne Ladell White, decedent."

Under North Carolina General Statute Section 28A-13-3, personal representatives of estates have the power:

> To maintain actions for the wrongful death of the decedent according to the provisions of Article 18 of this Chapter and to compromise or settle any such claims, whether in litigation or not. Unless all persons who would be entitled to receive any such damages recovered under G.S. 28A-18-2(b)(4) are competent adults and have consented in writing, any such settlement shall be subject to the approval of a judge of the court or tribunal exercising jurisdiction over the action or a judge of the district or superior court in cases where no action has previously been filed.

N.C. Gen. Stat. § 28A-13-3(a)(23). Furthermore, it is the responsibility of the personal representative to disburse any wrongful death proceeds in accordance with North Carolina General Statute Section 28A-18-2, which provides that the amount recovered in a wrongful death action first must be applied to reimbursing the estate for the expenses of pursuing the wrongful death claim, then to the payment of attorney's fees, then certain burial, hospital, and medical expenses. Any remaining proceeds are then to be disposed of as provided in the Intestate Succession Act. N.C. Gen. Stat. § 28A-18-2(a).

The Release proffered by the parties shows that three individuals would be receiving payments under the settlement: the Administrator (and the law firm representing him), Litta Marie White, and D.G. The parties, however, provided no evidence of the relationship of these three individuals to the decedent; no evidence as to whether any of these individuals were minors or incompetent adults; no explanation as to how the proposed distribution was in accordance with the applicable North Carolina law, and no sworn evidence from which the court could determine whether the settlement is in the best interests of the persons entitled to receive damages under the

4

applicable North Carolina law. The court could only assume that the parties were seeking its approval because at least one of the individuals named in the Release was a minor, an incompetent adult, or a competent adult who withheld his or her written approval of the settlement. Accordingly, the court set the matter for hearing and directed the parties to be prepared to address the deficiencies in their motion.

At the hearing, Plaintiff produced evidence showing that only Litta Marie White is entitled to recover under the Intestate Succession Act. The court also heard testimony from the Personal Representative of the decedent's estate, detailing the decedent's occupation and the circumstances of his death. The personal representative also indicated he believed the settlement was in the best interest of Litta Marie White.

The court, however, explained that the parties were asking it to approve a settlement that distributed proceeds in a manner seemingly not in accordance with the applicable North Carolina law. As such, the court cannot approve the settlement as presently constituted. The Joint Motion for Order of Approval of Confidential Wrongful Death Settlement therefore is DENIED without prejudice. As stated at the hearing, the parties may file another motion for approval of settlement, on or before December 15, 2010, provided that the settlement is in accordance with the applicable North Carolina law.[1]

---

[1] The court also notes that court approval of the settlement is required "*[u]nless* all persons who would be entitled to receive such damages recovered under G.S. 28A-18-2(b)(4) are competent adults who have consented in writing." N.C. Gen. Stat. § 28A-13-3(a)(23). It appears to the court that the converse also must be true: if all persons who would be entitled to receive such damages recovered under G.S. 28A-18-2(b)(4) are competent adults who also consent to the settlement in writing, court approval would *not* be required. The parties instead could file a Stipulation of Dismissal of the case. Of course, the Personal Representative still would be obligated to comply with the applicable North Carolina regarding the disbursement of the proceeds, but that would be a matter within the province of the Halifax County Clerk of Court.

5

## III. CONCLUSION

For the foregoing reasons and for the reasons stated at the November 4, 2010, hearing, the parties' Joint Motion to Seal [DE-7] and Joint Motion for Order of Approval of Confidential Wrongful Death Settlement [DE-8] are both DENIED.

The Clerk of Court, however is DIRECTED to maintain the "Confidential Full and Final Release" [DE-6] under SEAL in accordance with Rule 5.2. The parties are ORDERED to file, within fourteen (14) days of the filing date of this order, a redacted version of the Confidential Full and Final Release that refers to the minor only by his initials. The parties also may file a renewed motion to approve the wrongful death settlement, if they so choose, on or before December 15, 2010.

SO ORDERED.

This the 4th day of November, 2010.

James C. Fox
Senior United States District Judge